UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | CV 16-6480-CAS(KSx) | Date | August 31, 2016 |
|---|---|---|---|
| Title | INFOKOREA, INC. V. MBC AMERICA HOLDINGS, INC. ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER, U.S. DISTRICT JUDGE | |
|---|---|---|
| CONNIE LEE | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:**    (IN CHAMBERS) PLAINTIFF'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION (Dkt. 19, filed August 30, 2016)

## I. INTRODUCTION

On August 30, 2016, plaintiff InfoKorea, Inc. filed this case against MBC America Holdings, Inc.; MBC Broadcasting, Inc.; MBC America, a business organizations of unknown form; Jin S. Choi; Dae Un Zhung; Dong Yeol Yoon; and Does one through 10, inclusive (collectively "defendants"). Dkt. 1. Plaintiff alleges that it owns rights in a Korean-language business directory called "Korean Yellowpage." The gravamen of plaintiff's claims is that defendants have unlawfully appropriated plaintiff's proprietary data and advertising and that defendants intend to sell a competing Korean-language business directory using that data and advertising.

Plaintiff filed the instant ex parte application for a temporary restraining order and order to show cause why a preliminary injunction should not issue on August 30, 2016 ("the Application"). Dkt. 19.

Having carefully reviewed and considered plaintiff's arguments, the Court finds and concludes as follows.

## II. BACKGROUND

Plaintiff alleges that it has been in business selling a Korean-language business directory, Korean Yellowpage ("plaintiff's Book"), since 1998. Plaintiff's president,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | CV 16-6480-CAS(KSx) | Date | August 31, 2016 |
|---|---|---|---|
| Title | INFOKOREA, INC. V. MBC AMERICA HOLDINGS, INC. ET AL. | | |

Kyung Jin Oh, claims that plaintiff's Book is protected by several copyright registrations. Oh claims that he learned "during the week of August 22" that defendants intend to distribute between 8,000 and 15,000 copies of a competing Korean-language business directory (defendants' Book) on August 31, 2016. Oh Decl. ¶ 7. Here, plaintiff seeks a temporary restraining order to prevent defendant's August 31, 2016 distribution.

    Plaintiff has had increasing suspicions of the facts underlying its claims for much of 2016. According to Oh, Choi is a former manager at InfoKorea. Choi resigned from InfoKorea in December 2015. In February or March 2016, Oh heard "rumors" that Choi was working for MBC defendants on their competing directory. Id. ¶ 21. In June, Oh heard Choi was contacting other InfoKorea employees to ask for materials that "might be used" for defendants' Book, at which time Oh became concerned. Id. ¶ 26. At an undetermined time around June 28, 2016, plaintiff's database manager, Ji Yeon Huh, received an Excel file allegedly being used by defendants to create their Book. Huh Decl. ¶ 13-14. "Around" the same time, a conversation between Huh and Oh led Huh to more closely examine an Excel file she received in association with defendants' Book. Id. ¶ 16. Oh claims that Huh did not closely examine the Excel file until August 2016, at his direction. Upon closer inspection, Huh realized the Excel file defendants were allegedly using had unique data originating from plaintiff's own business directory databases. Id.

    "Around the second week of August 2016," plaintiff received a courtesy, preview-copy of defendants' Book. Oh Decl. ¶ 28. Oh instructed his staff to begin manually comparing defendant's Book to plaintiff's Book, at which time, plaintiff alleges, they discovered analogous advertising and listings between the two.

## III.  LEGAL STANDARD

    The standard for granting a temporary restraining order is identical to the standard for issuing a preliminary injunction. See, e.g., Dahl v. Swift Distrib., Inc., 2010 WL 1458957 (C.D.Cal. Apr. 1, 2010). Accordingly, a temporary restraining order, like a preliminary injunction is "never awarded as of right." Munaf v. Geren, 553 U.S. 674, 690 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Am. Trucking Ass'n, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir.2009); see also Cal Pharms. Ass'n v. Maxwell–Jolly, 563 F.3d 847, 849

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | CV 16-6480-CAS(KSx) | Date | August 31, 2016 |
| Title | INFOKOREA, INC. V. MBC AMERICA HOLDINGS, INC. ET AL. | | |

(9th Cir.2009). However, even where a plaintiff succeeds on the merits of an intellectual property infringement claim, that does not guarantee injunctive relief. See eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 392 (2006).

## IV. DISCUSSION

Contrary to plaintiff's contention, courts do not presume irreparable harm, even where plaintiff raises a copyright claim with a probability of success on the merits. Perfect 10, Inc. v. Google, Inc., 653 F.3d 976, 979 (9th Cir. 2011). Laches precludes relief where there has been unreasonable delay and the defendant is prejudiced by said delay. After having been notified of the facts underlying plaintiff's claims for several months, plaintiff brings this motion for a temporary restraining order less than one day before defendants' allegedly pre-planned Book distribution. It has been nearly three months since plaintiff first became concerned about Choi's alleged unlawful activities. Oh Decl. ¶ 26. It has been three months since Choi requested and was given plaintiff's Index. Id. It has been approximately two months since plaintiff first received a file allegedly demonstrating defendants' unlawful activities. Huh Decl. ¶¶ 13-14. Plaintiff's request for a temporary restraining order on the eve of defendants' alleged unlawful distribution appears to be barred by the doctrine of laches.

Furthermore, there is no showing of personal service of the summons, complaint, or Application on defendants. Until defendants have been properly served and may appear in the action, the Court declines to grant plaintiff the extraordinary remedy it seeks, nor does the Court have the means of granting plaintiff immediate relief.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | CV 16-6480-CAS(KSx) | Date | August 31, 2016 |
| Title | INFOKOREA, INC. V. MBC AMERICA HOLDINGS, INC. ET AL. | | |

## V. CONCLUSION

Accordingly, **IT IS HEREBY ORDERED:**

(1) Plaintiff's request for a temporary restraining order is **DENIED**.

(2) Plaintiffs' requests for an order to show cause why a preliminary injunction should not issue and for appointment of a receiver are **DENIED** without prejudice, subject to being renewed on motion for preliminary injunction upon a showing that the proper service of process has been completed.

IT IS SO ORDERED.

|  |  | 00 | : | 00 |
|---|---|---|---|---|
|  | Initials of Preparer | | CL | |